UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEFFREY BOUDREAU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SPECIALIZED LOAN SERVICING, LLC, | § | Civil Action No. 22-364 |
| its/their successors and/or assigns | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441, 1446, and 1331, Defendants **SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant")**, hereby removes the above-captioned action from the 122nd Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas Galveston Division.

### THE REMOVED CASE

1.      The removed case is a civil action filed on August 31, 2022, in the 122nd Judicial District Court of Galveston County, Texas, styled *Jeffrey Bourdreau v. Specialized Loan Servicing, LLC and its/their successors and/or assigns.* The case received cause number 22-CV-1654 in the state court.

2.      Plaintiff's Original Petition ("Petition") alleges a cause of action for breach of contract, common law fraud, violations of Regulation X of the Code of Federal Regulations, violations of the Real Estate Settlement Procedures Act ("RESPA"), and violations of the Texas Debt Collection Act. Plaintiff further seeks a permanent injunction to stop the foreclosure of real

1

property located at 411 White Oak Pointe, League City, Texas, 77573 (the "Property").  *See* Petition ¶¶ 22-36.

3.      On August 31, 2022, Plaintiff filed this suit.  Removal is timely pursuant to 28 U.S.C. §1446(b).  In accordance with 28 U.S.C. §1446(a) and Local Rules of the United States District Court for the Southern District of Texas, attached hereto as Exhibits 1 through 4, inclusive, are true and correct copies of all process, pleadings, and orders in the state court action to date.

## VENUE

4.      Venue in the Southern District of Texas Galveston Division is proper under 28 U.S.C. §1441(a), because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

## THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER § 1331

5.      Plaintiff alleges violations of federal statute and raises federal questions in her Petition.

6.      Under Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' [*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)]…. The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a "'suit arises under the law that creates the cause of action.'" *Id.*, at 8-9, quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)." *Merrell Dow*, 478 U.S., at 808.

7.      In Plaintiff's Original Petition, Plaintiff alleges violations of Regulation X of the Code of Federal Regulations established by the Consumer Financial Protection Bureau, 12 C.F.R. §1024.41 *et seq*. and violations of the RESPA. *See* Exhibit 2, Plaintiff's Original Petition. Therefore, removal to this Court is proper under 28 U.S.C. §1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a) (2010). A federal question appears on the face of Plaintiff's Petition, and these claims "arise under" federal law.

8.      Further, to the extent the Petition alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. §1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2010).

9.      Thus, because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is appropriate under §1331(a)-(c).

CONCLUSION

10.      Pursuant to 28 U.S.C. §1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 122nd District Court of Galveston County, Texas.  A true and correct copy of said Notice is attached hereto as Exhibit 4.

Respectfully submitted,

By:   //s// Branch M. Sheppard
_____
         BRANCH M. SHEPPARD
         Texas State Bar No. 24033057
         bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

SARA A. MORTON
Texas Bar No. 24051090
smorton@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was delivered via the below described method to the following on this 3rd day of October, 2022.

***VIA E-Filing***
JOHN G. HELSTOWSKI
J. CANNON HELSTOWSKI LAW FIRM
5209 HERITAGE AVENUE, SUITE 510
COLLEYVILLE, TX 76034

   //s// Branch M. Sheppard
Branch M. Sheppard